## Kotuby v. Trent

*Kenneth E. Fox,* for plaintiff.
*Linton L. Moyer,* for defendant.

McCRACKEN, *P.J.,* January 22, 1991—Before the court is a motion by plaintiffs in this medical malpractice action seeking a protective order to prohibit counsel for either defendant from communicating ex parte with any of the wife-plaintiff's treating physicians or from calling them as expert witnesses at trial.

This action stems from surgery performed by Dr. Douglas E. Trent on plaintiff Carol Kotuby at Ellwood City Hospital on June 7, 1983. Mrs. Kotuby alleges that due to the negligence of Dr. Trent and the hospital, she has sustained permanent damage to a nerve in her right thigh as a result of the operation. Since the date of the surgery, she has been treated by Dr. Thomas Dugan and Dr. Patricia Jozefczyk, both of whom have filed reports made available to defendants' counsel, diagnosing plaintiff's injury and expressing opinions as to what may have caused it. Late in 1987, while this action was pending, counsel for Ellwood City Hospital telephoned Dr. Dugan and Dr. Jozefczyk and obtained from them statements to the effect that the injury suffered by plaintiff was not necessarily caused by negligence on anyone's part. Plaintiff's counsel was not made aware of these statements until October 1990. On November 8, 1990, plaintiff filed a motion for a protective order against expert testimony by Dr. Dugan or Dr. Jozefczyk and any further ex parte communications between them and defense counsel.

The basis for plaintiff's motion is her contention that it is improper for a defense counsel in a medical malpractice case to contact, ex parte, a plaintiff's former treating physician or to retain them as expert witnesses on liability.

It is true that many of our trial courts have disapproved of such a practice generally on the ground that plaintiff has sought treatment from such a physician with the expectation that the information acquired by the physician in confidence would not be disclosed to parties with adverse interests, and that assistance voluntarily rendered to a patient's opponent violates the duty of care owed by a physician to a patient. *McNally v. Eastern Hospital,* 46 Northamp. Rep. 202 (1985); *Hoffmeyer v. Pell,* 23 D.&C. 3d 448 (1982); *Freyer v. Travelers Indemnity Co.,* 15 D.&C. 3d 649 (1980); *Nicholson v. Estate of Polcyn,* 12 D.&C. 3d 561 (1979); *Shea v. McCadden,* 46 D.&C. 2d 560 (1969); *Alexander v. Knight,* 25 D.&C. 2d 649 (1961), affd. per curiam 197 Pa. Super. 79, 177 A.2d 142 (1962). Nonetheless, we doubt that cases such as these are still accurate statements of the law of Pennsylvania in the light of the Superior Court's decision in *Moses v. McWilliams,* 379 Pa. Super. 150, 549 A.2d 950 (1988), the first appellate court case to confront this issue.

In considering the claim of a malpractice plaintiff, that her privacy rights were violated when her subsequent treating physician discussed her condition with counsel for the defendant hospital and with representatives of the hospital's insurer, the Superior Court observed that once the plaintiff had filed a lawsuit placing her physical condition at issue, her privacy expectations were reduced because she could anticipate that her claim would be investigated. The court observed that the prompt investigation of malpractice claims is in society's best interest and that ex parte interviews are easier and less expensive to schedule than depositions; they promote candor and spontaneity, and they are cost efficient in eliminating non-essential witnesses. Most significantly, the court noted that the Pennsylvania Physician-Patient Confidentiality Statute (42

Pa.C.S. §5929)[1] contains a specific exception for personal injury lawsuits.[2] Thus, a plaintiff who has brought such an action has waived the protection of the statute with respect to the disclosure of medical information on the plaintiff's condition acquired by a treating physician in a professional capacity, as was recognized in *Feingold v. SEPTA,* 512 Pa. 567, 517 A.2d 1270 (1986).

We thus conclude that the decision of the Superior Court in *Moses, supra,* represents the present law of this Commonwealth. Not only are communications between defense counsel and plaintiff's treating physicians not barred by any statutory privilege, they are to be encouraged as promoting efficient investigation of the merits of malpractice claims. Furthermore, if a physician under such circumstances may be asked to disclose the facts surrounding the plaintiff's condition, we can see no reason why he may not, in addition, be asked whether the plaintiff's injuries could have occurred without negligence. That is the only opinion that has been expressed by either Dr. Dugan or Dr. Jozefczyk in this case and it is not the same as expressing the opinion that defendants were clearly *not* negligent.

Accordingly, we conclude that there was no impropriety in the contact made by defense counsel with plaintiff's physicians in this case and that there is no basis for prohibiting further contact with them or the use of their testimony at trial. Plaintiffs' motion for a protective order will therefore be denied.

---

1. Act of July 9, 1976, P.L. 586, No. 142, §2.
2. This statute contains the only physician-patient privilege that exists under Pennsylvania law, since there is no such privilege at common law. *Commonwealth v. Sykes,* 353 Pa. 392, 45 A.2d 43 (1946).

## ORDER OF COURT

Now, January 22, 1991, the motion for a protective order filed on behalf of plaintiffs on November 9, 1990 is hereby denied.